Freedman, J.—To
render an appeal to the court of appeals from a judgment of the general term affirming-a money judgment, and awarding to the respondent the costs of the appeal, effectual for any purpose, a written undertaking must be executed on the part of the appellant, by at least two sureties, to the effect that the appellant will pay all costs and damages which may be awarded against him on the appeal, not exceeding the sum of five hundred dollars, &c. (Code, § 334).
_ If, in addition, the appellant desires to stay the execution of the judgment, he must file a further undertaking, executed by at least two sureties, to the effect that, if the judgment appealed from, or any part thereof, be affirmed, or the appeal be dismissed, the appellant will pay the amount directed to be paid by the judgment, or the part of such amount as to which the judgment shall be affirmed, if it be affirmed only in part, and all damages which shall be awarded against the appellant upon the appeal (section 335).
These undertakings may be in one instrument or several, at the option of the appellant (section 340), but no undertaking will be of any effect unless accom *538 panied by the affidavit of the sureties that they are each worth double the amount specified therein (section 341).
The respondent may except to the sufficiency of the sureties, and thereupon the sureties must justify in the same manner as sureties on the discharge of a defendant from arrest are required to justify, or the appeal will be regarded as if no undertaking had been given, (section 341).
The appellants in this case have complied with these requirements, but the respondent objects to the approval of the undertaking, on the ground that one of the sureties is a married woman.
Though a married woman may now incur a liability for another by declaring her intent to make, and by making, such liability a charge upon her separate estate in the contract into which she enters (Corn Exchange Ins. Co. v. Babcock, 42 N. Y. 613), and though this has been done in this case,, and the said surety has disclosed sufficient property, I am nevertheless of the opinion that the objection should not be overruled. The code prescribes the form of the undertaking, and contemplates a personal responsibility on the part of the sureties. An undertaking, - executed by a married woman in the precise language of the Code, binds neither her nor her estate. In no event can she bind herself generally, and in order to bind her estate, she must add words having that effect. An undertaking containing such words, however, is an instrument of a form different from that prescribed by the Code, which the respondent may accept, if he see fit, but which he should not be compelled to take.. In lieu of the required undertaking, the appellants may deposit the amount for which such undertaking is to be given (sections 334, 335), but the acceptance of any other substitute- can not be compelled.
The motion for the approval of the undertaking • must be denied.